# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**ANTTWAINE M. DUNLAP,**

        **Plaintiff,**

**v.**                                    **Civil Action No. 1:06cv143**
                                                    **(Judge Keeley)**

**D. GILL, Warden, and HARLEY LAPPIN,**
**Director of the Bureau of Prisons,**

        **Defendant.**

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff initiated this case on September 26, 2006, by filing a motion for an injunction and a Motion for Leave to Proceed in forma pauperis. On that same date, the clerk sent the Plaintiff a Notice of Deficient Pleading with a Prisoner Trust Account Report and a Consent to Collection of Fees from Trust Account and directions to complete and return the forms within thirty (30) days. The notice also advised Plaintiff that the failure to comply could result in the dismissal of his case without prejudice. Because of the perceived urgency of the matters raised in the plaintiff's motion,[1] the Defendants were directed to show cause why the Court should not grant an expedited hearing even though the Plaintiff's pleadings were deficient.

---

[1]In the motion, the Plaintiff asserted that in January 2006, while incarcerated at the Hazelton Penitentiary, Gregory Jones, a member of the "Blood Gang," attempted to stab him. Plaintiff asserted that he was later told by other members of the gang that he would be killed unless he was placed in protective custody. Plaintiff was placed in protective custody, but he asserted that Mr Jones had been placed in the same housing unit. Plaintiff sought an injunction requiring the defendants to remove him from Hazelton.

On May 3, 2007, the undersigned issued a Show Cause Order because the Plaintiff had failed to comply with the deficiency notice. The Plaintiff was given ten days to show cause why his case should not be dismissed.

A review of the file shows that as of the date of this Opinion, Plaintiff has not filed the requested forms, has not filed a motion to extend time to do so, or otherwise explained his reasons for noncompliance. Accordingly, it is the recommendation of the undersigned that the instant case be DISMISSED without prejudice for the failure to prosecute[2] unless the Court hears to the contrary within ten (10) days from the date of this Order. Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff and counsel of record, as applicable.

DATED: June 26, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2]Although the Plaintiff has not provided the Court with a change of address notice, the undersigned notes that he is now housed at USP Pollock. See Inmate Locator at the bop.gov website. Therefore, the Plaintiff presumably has received the relief he requested in his motion: transfer to another facility, and his motion would be moot.